UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Sean Hephner,      Case No. 3:20-cv-2511

      Plaintiff

  v.     MEMORANDUM OPINION
          AND ORDER

Menard, Inc., et al.,

      Defendants

### I.    INTRODUCTION & BACKGROUND

On June 30, 2015, Plaintiff Sean Hephner was hired by Defendant Menard, Inc. to work at the Defendant Menard's Distribution Center in Holiday City, Ohio.[1] At that time, he signed the Employee/Employer Agreement. (Doc. No. 7-1). The Agreement stated,

> I agree that all problems, claims and disputes experienced related to my employment area shall first be resolved as outlined in the Team Member Relations section of the "Grow With Menards Team Member Information Booklet" which I have received. If I am unable to resolve the dispute by these means for any reason, I agree to submit to final and binding arbitration. Arbitration shall be the sole and exclusive forum and remedy for all covered disputes of either Menard, INC or me. Unless Menard and I agree otherwise, any arbitration proceedings will take place in the county of my Menard's employment where the dispute arose. Problems, claims or disputes subject to binding arbitration include, but are not limited to: statutory claims under 42 U.S.C. §§ 1981- 1988; Age Discrimination in Employment Act of 1967; Older Workers' Benefit Protection Act ("OWPBA"); Fair Labor Standards Act; Title VII of the Civil Rights Act of 1964; Title I of the Civil Rights Act of 1991;

---

[1] In the Complaint, Plaintiff states his employment began in March 2014. (Doc. No. 1 at 3). But the Employee/Employer Agreement is dated June 30, 2015. (Doc. No. 7-1). Plaintiff also states in his opposition brief, "Hephner was hired by Menard, Inc. on June 30, 2015, not 2020, as stated in Defendant's Motion (Exhibit A)." (Doc. No. 8 at 1). Although facts stated in the Complaint are to be taken as true for purposes of a Rule 12(b)(6) motion, his start date is irrelevant to the Rule 12(b)(6) analysis. Therefore, in light of Plaintiff's later allegation corroborated by the Employee/Employer Agreement, I will deem his start date as June 30, 2015 for purposes of this factual background.

>Americans with Disabilities Act; Uniformed Services Employment and
Reemployment Rights Act of 1994 ("USERRA"); Family Medical Leave Act; and
non-statutory claims such as contractual claims, quasi-contractual claims, tort claims
and any and all causes of action arising under state or common law.

(*Id.*).

Beginning in October 2018, Plaintiff alleges he witnessed violations of safety standards at the Menards Distribution Center. (Doc. No. 1 at 3). Plaintiff claims he reported these concerns to his supervisors, but no action was taken. Because of this, Plaintiff filed a complaint with the Occupational Safety and Health Administration ("OSHA"). After filing the complaint and continuing his complaints of unsafe conditions to his supervisors, Plaintiff alleges he experienced retaliation and the situation with his supervisors escalated.

Because of the stress caused by the alleged retaliation and harassment by one of his supervisors, Plaintiff claims he developed migraine headaches. On March 4, 2019, Plaintiff claims he experienced one such migraine and was permitted to leave work early. When Plaintiff returned to work the next day, his employment was terminated for insubordination, allegedly for leaving early without permission the day before.

On November 6, 2020, Plaintiff filed suit, alleging Defendants violated the Ohio Whistleblower Statute by retaliating against him for filing the OSHA complaint. (Doc. No. 1 at 6-7). Plaintiff also asserted a claim of "disability discrimination."[2] (*Id.* at 7-8). Because Plaintiff did not

---

[2] In this claim, Plaintiff states only that Defendants violated Ohio Revised Code § 4112.02. (Doc. No. 1 at 8). But, on the civil cover sheet, he checked "federal question" as the basis for jurisdiction. (Doc. No. 1-1). Still, rather than "cit[ing] the U.S. Civil Statute under which [he was] filing," he listed "R.C. § 4113.52; R.C. § 4112.02" as the source of his cause of action. (*Id.*). These are Ohio statutes, not "U.S. Civil Statutes" giving rise to "federal question" jurisdiction. Even so, because the allegations in the Complaint are consistent with those asserting a claim of disability discrimination under the ADA, and because Plaintiff apparently intended to invoke "federal question" jurisdiction when filing the Complaint, I will treat this error as a case of sloppy pleading rather than a basis to dismiss for lack of subject matter jurisdiction. Therefore, I will construe his "disability discrimination" claim as asserting violations of both state and federal law.

2

arbitrate this dispute, as provided in the Agreement, Defendants moved to dismiss this action[3] or, alternatively, stay these proceedings and compel arbitration. (Doc. No. 7). Plaintiff filed an opposition brief, (Doc. No. 8), and Defendants replied. (Doc. No. 9).

## II. DISCUSSION

The Federal Arbitration Act provides that "[a] written provision in … a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction …shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[T]he Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original) (citing 9 U.S.C. §§ 3 & 4); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) ("[C]ourts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms.") (internal citations omitted).

"Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25

---

[3] Although Defendants characterize this as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Sixth Circuit has held that "[a] motion to dismiss pursuant to an arbitration agreement should …be construed as a Rule 12(b)(6) motion even if it is mislabeled as a Rule 12(b)(1) motion." *Knight v. Idea Buyer, LLC*, 723 F. App'x 300, 301 (6th Cir. 2018) (citing *Teamsters Local Union 480 v. United Parcel Serv., Inc.*, 748 F.3d 281, 286 (6th Cir. 2014)).

(1983). Further, "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000) (citations omitted).

Here, Plaintiff does not dispute that his claims fall within the scope of arbitrable claims under the Agreement. Instead, he challenges the enforceability of the arbitration provision of the Agreement, arguing it may not be enforced because Defendants breached the Agreement first "[b]y failing to apprise Hephner of his rights under the EEA, or submitting their own problems or disputes to the dispute resolution outlined in the employment booklet." (Doc. No. 8 at 4). Aside from the fact that Plaintiff seeks to make an impermissible opposition-brief amendment to the Complaint, *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020), his arguments for breach of contract are meritless.

First, by signing the Agreement, Plaintiff implicitly acknowledged his rights that "all problems, claims and disputes experienced related to my employment area … first be resolved as outlined in the Team Member Relations section of the 'Grow With Menards Team Member Information Booklet.'" (Doc. No. 7-1). He also acknowledged receipt of the Booklet containing the pre-arbitration process. The Agreement does not charge Defendants with a duty to re-notify Plaintiff of his rights under the Agreement. Therefore, Defendants did not breach the Agreement by failing to advise Plaintiff of the dispute resolution process he agreed to follow by signing the Agreement.

Second, contrary to Plaintiff's allegations, Defendant was not required to "submit any problems, claims, or disputes that arose during Hephner's employment to the process outlined in the [Agreement]" before terminating him. (Doc. No. 8 at 5). As Plaintiff acknowledged by signing the Agreement, his "employment with the corporation [was] 'at will' and … may be terminated at any time for any reason, or for no reason at all, with or without cause, by Menard, Inc." (Doc. No.

4

7-1). Therefore, Defendant did not breach the Agreement by terminating Plaintiff before first submitting his termination to arbitration.

Finally, even if Plaintiff could state a plausible claim for breach of contract, such a claim would also be subject to arbitration under the terms of the Agreement. That is, under the Agreement, "[p]roblems, claims or disputes subject to binding arbitration include… contractual claims." (Doc. No. 7-1).

Because all of Plaintiff's claims are subject to arbitration, this case is dismissed. *See Ozomoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009); *Hensel v. Cargill, Inc.*, 198 F.3d 245, at *4 (6th Cir. 1999) (table) ("[L]itigation in which all claims are referred to arbitration may be dismissed.") (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)).

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss and compel arbitration is granted. So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
